UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:  CASE NO.: 14-29898-BKC-RAM
Chapter 7

**JONAS E RODRIGUEZ**
SSN: XXX-XX-7491
**SUSANA L REYES**
SSN: XXX-XX-0744

_____Debtors._____/

**TRUSTEE'S MOTION TO APPROVE STIPULATION FOR
COMPROMISE AND SETTLEMENT REGARDING VALUATION
AND REPURCHASE OF DEBTORS' NON-EXEMPT ASSETS**

**Any interested party who fails to file and serve a written response to this Motion within 21 days after the date of service stated in this Motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this Motion. Any scheduled hearing may then be canceled.**

Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Jonas E Rodriguez and Susana L Reyes (the "Trustee"), pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9013-1(D), files this Motion to Approve Stipulation for Compromise and Settlement Regarding Valuation and Repurchase of Debtors' Non-Exempt Assets (the "Motion"), and in support thereof, states as follows:

**I.    Background**

1.    This case commenced with the filing of a voluntary Chapter 7 Petition on September 3, 2014. Joel L. Tabas is the duly appointed Chapter 7 Trustee.

2.    The Trustee has evaluated the Debtors' property valuations and claimed exemptions and determined that the resolution agreed upon with the Debtors is in the best interests of the Estate. The details of the analysis and agreement are set forth in the

Stipulation for Compromise and Settlement Regarding Valuation and Repurchase of Debtors' Non-Exempt Assets, attached hereto as Exhibit "A."

3. The Stipulation provides for the repurchase of Debtors' non-exempt assets (the "Settlement").

4. Pursuant to the terms of the Stipulation, the Debtors have agreed to pay, and the Trustee has agreed to accept the Settlement Amount, as defined in the Stipulation, for the repurchase of the Debtors' non-exempt property and resolution of the other matters set forth in the Stipulation.

5. The Stipulation contains additional terms and conditions, including, but not limited to, default provisions.

## II.     Legal Standard for Settlement

6. Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."[1]

7. As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

---

[1] Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for Southern District of Florida permits, <u>inter alia</u>, relief without a hearing for motions to approve settlement.

8.  The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983)).

9.  According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

>   (a)  the probability of success in the litigation;
>
>   (b)  the difficulties, if any, to be encountered in the matter of collection;
>
>   (c)  the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
>
>   (d)  the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II. Ltd.)*, 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

10. The Trustee believes that the proposed settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

11. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit "B."

**WHEREFORE**, Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Jonas E Rodriguez and Susana L Reyes, respectfully requests this Honorable Court enter

an Order: (1) granting the instant Motion; (2) approving the Stipulation; and (3) granting such other and further relief as this Court deems just and proper.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished on February 25, 2015, to the parties who are currently on the list to receive e-mail notice/service for this case, and via U.S. Mail to all interested parties on the attached service list.

Respectfully submitted,

 /s/ Joel L. Tabas
Joel L. Tabas
Florida Bar No. 516902
Tabas, Freedman & Soloff, P.A.
Attorneys for the Chapter 7 Trustee
14 Northeast First Avenue - Penthouse
Miami, Florida 33132
Telephone: (305) 375-8171
Telefax: (305) 381-7708
JTabas@tabasfreedman.com

| | | |
|---|---|---|
| 14-29898<br>(p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 | (p)WELLS FARGO BANK NA<br>WELLS FARGO HOME MORTGAGE<br>AMERICAS SERVICING<br>3476 STATEVIEW BLVD<br>FORT MILL SC 29715-7203 | 14-29898<br>Ally Financial<br>200 Renaissance Ctr<br>Detroit, MI 48243-1300 |
| 14-29898<br>Amexdsnb<br>9111 Duke Blvd<br>Mason, OH 45040-8999 | 14-29898<br>Cascades at Kissimmee Condo Assoc<br>c/o Assoc. Mgmt Group Central FL<br>101 Park Place Boulevard, Suite 2<br>Kissimmee, FL 34741-2322 | 14-29898<br>Chase<br>Po Box 15298<br>Wilmington, DE 19850-5298 |
| 14-29898<br>Chase<br>Po Box 24696<br>Columbus, OH 43224-0696 | 14-29898<br>Chase-Bp<br>Po Box 15298<br>Wilmington, DE 19850-5298 | 14-29898<br>Comenity Bank/Vctrssec<br>220 W Schrock Rd<br>Westerville, OH 43081-2873 |
| 14-29898<br>Convergent Healthcare Recoveries, Inc.<br>POB 805184<br>Dept. 0102<br>Kansas City, MO 64180-5184 | 14-29898<br>Discover Fin Svcs Llc<br>Po Box 15316<br>Wilmington, DE 19850-5316 | ~~14-29898~~<br>~~G M A C~~<br>~~Po Box 105677~~<br>~~Atlanta, GA 30348-5677~~ |
| 14-29898<br>JPMorgan Chase Bank, N.A.<br>c/o Phelan Hallinan, PLC<br>2727 W Cypress Creek Road<br>Fort Lauderdale, FL 33309-1721 | **14-29898**<br>**Jonas E Rodriguez**<br>**991 E 31st Street**<br>**Hialeah, FL 33013-3430** | 14-29898<br>Kohls/Capone<br>N56 W 17000 Ridgewood Dr<br>Menomonee Falls, WI 53051-7096 |
| 14-29898<br>Mcydsnb<br>9111 Duke Blvd<br>Mason, OH 45040-8999 | 14-29898<br>R Us Credit Card<br>P.O. Box 530939<br>Atlanta, GA 30353-0939 | 14-29898<br>Reverse Mortgage Solutions, Inc.<br>c/o McCalla Rayner, LLC<br>225 E Robinson Street, Suite 660<br>Orlando, FL 32801-4321 |
| 14-29898<br>Robert Sanchez Esq<br>355 W 49 St.<br>Hialeah, FL 33012-3715 | 14-29898<br>Sears/Cbna<br>Po Box 6189<br>Sioux Falls, SD 57117-6189 | 14-29898<br>Sears/Cbna<br>Po Box 6283<br>Sioux Falls, SD 57117-6283 |
| **14-29898**<br>**Susana L Reyes**<br>**991 E 31st Street**<br>**Hialeah, FL 33013-3430** | 14-29898<br>Syncb/Brandsmart<br>Po Box 965036<br>Orlando, FL 32896-5036 | 14-29898<br>Syncb/Jc Penney Dc<br>Po Box 965007<br>Orlando, FL 32896-5007 |
| 14-29898<br>Syncb/Jcp<br>Po Box 965007<br>Orlando, FL 32896-5007 | 14-29898<br>Syncb/Toysrusdc<br>Po Box 965005<br>Orlando, FL 32896-5005 | 14-29898<br>Thd/Cbna<br>Po Box 6497<br>Sioux Falls, SD 57117-6497 |
| 14-29898<br>The Courts at Doral Isles Condo Assoc<br>c/o Eisinger Brown<br>4000 Hollywood Boulevard, #265-S<br>Hollywood, FL 33021-6751 | 14-29898<br>Visdsnb<br>9111 Duke Blvd<br>Mason, OH 45040-8999 | 14-29898<br>Wells Fargo Bank, N.A.<br>c/o Aldridge & Connors, LLP<br>1615 S Congress Avenue, Suite 200<br>Delray Beach, FL 33445-6326 |

14-29898
Wells Fargo Bank, NA
c/o Alice Blanco
3575 Piedmont Rd NE #500
Atlanta, GA 30305-1623

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:  CASE NO.: 14-29898-BKC-RAM
Chapter 7

**JONAS E RODRIGUEZ**
SSN: XXX-XX-7491
**SUSANA L REYES**
SSN: XXX-XX-0744

_____    Debtors.    _____/

### STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING VALUATION AND REPURCHASE OF DEBTORS' NON-EXEMPT ASSETS

Joel L. Tabas, as Chapter 7 Trustee, and the Debtors, Jonas E Rodriguez and Susana L Reyes (the "Debtors"), enter into this Stipulation for Compromise and Settlement Regarding Valuation and Repurchase of Debtors' Non-Exempt Assets (the "Stipulation"). The Trustee and the Debtors agree upon the following terms and conditions:

1. This case commenced with the filing of a voluntary Chapter 7 Petition on September 3, 2014. Joel L. Tabas is the duly appointed Chapter 7 Trustee.

2. The Schedules list certain property (collectively, the "Scheduled Property"). In addition, the Debtors may receive a Federal Income Tax Refund for the period through the Petition Date (the "Refund") (the Scheduled Property and the Refund shall be collectively referred to as the "Property").

3. The Debtors have claimed a portion of the Property as exempt.

4. Based on a review of the documents provided and other salient information, the Trustee asserts that a portion of the Property may be undervalued.

5. The Debtors dispute certain aspects of the Trustee's analysis.

### THE SETTLEMENT

6. The Trustee and the Debtors agree to compromise the valuation and repurchase of the non-exempt interest in the Property for $6,000.00 (the "Settlement Amount").

Initials

**EXHIBIT "A"**

CASE NO.: 14-29898-BKC-RAM

7. The Trustee and the Debtors agree that the Settlement Amount provides for the repurchase of the Debtors' interest in the following:

| ASSET DESCRIPTION | PRORATION % | SETTLED VALUE OF ASSET |
|---|---|---|
| Cash | 0.29% | $ 17.20 |
| Bank of America account x4062 | 8.49% | $ 509.11 |
| US Century Bank account x6140 | 5.72% | $ 343.11 |
| 2010 Chevrolet Malibu | 46.74% | $ 2,804.67 |
| 2000 Ford Ranger | 24.58% | $ 1,474.56 |
| Household goods and furnishings | 10.94% | $ 656.42 |
| Wearing apparel | 1.15% | $ 68.80 |
| Jewelry | 1.62% | $ 97.46 |
| 9mm pistol | 0.48% | $ 28.66 |

8. The Trustee and the Debtors agree that the Settlement Amount shall be paid as a lump sum of $6,000.00 on or before March 15, 2015.

9. Each payment shall be in the form of a money order or cashier's check, made payable to "Joel L. Tabas, Trustee, for the Estate of Jonas E Rodriguez and Susana L Reyes, Case No.: 14-29898-BKC-RAM," and shall be delivered to Joel L. Tabas, Trustee, at 14 N.E. First Avenue, Penthouse, Miami, Florida 33132.

**OTHER TERMS AND CONDITIONS**

10. With regard to the repurchase of the Debtors' non-exempt interest in the vehicles included in the Property, the Debtors agree to: (i) maintain full liability and property damage insurance on all vehicles until such time as the Settlement Amount is paid in full; and (ii) name Joel L. Tabas, Trustee as loss payee and additional insured on the insurance policy for the vehicles and to provide the Trustee with a Certificate of Insurance evidencing coverage, within 10 days of execution of this stipulation. The Debtors further agree that upon the lapse of said policy, the Debtors shall immediately reinstate the insurance policy or obtain a new policy, and provide the Trustee with the reinstatement notice, or a copy of the new policy.

Initials

11. The Debtors represent and warrant that: (1) all information contained in the Debtors' Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), are true and correct, (2) the Pleadings contain no material misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no material misrepresentations or omissions. To the extent that the Debtors have failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

12. In the event that the Debtors fail to comply with the terms of this Stipulation, or should any of the Debtors' representations and warranties contained herein be untrue, the Trustee may proceed against any and all assets of the Debtors including, but not limited to, the Property the Debtors have claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at the statutory rate, attorneys' fees and costs. Further, the Trustee may file a Notice of Default and submit an Order to the Court revoking the Debtors' discharges. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtors agree to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtors' discharges will not be revoked without a hearing.

13. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

Initials

3

CASE NO.: 14-29898-BKC-RAM

14. This Stipulation may be executed in counterparts, which, when combined, shall be deemed to constitute one original and binding document. The parties further agree that facsimile signatures shall be treated in all manner and respects as original signatures.

15. This Stipulation is subject to approval of the United States Bankruptcy Court, Southern District of Florida.

Dated this __18__ day of February, 2015.

_____
Jonas E Rodriguez
991 E 31st Street
Hialeah, Florida 33013-3430

Dated this __18__ day of February, 2015.

_____
Joel L. Tabas, Trustee
14 N.E. First Avenue, Penthouse
Miami, Florida 33132
Telephone: (305) 375-8171
Facsimile: (305) 381-7708

Dated this __18__ day of February, 2015.

_____
Susana L Reyes
991 E 31st Street
Hialeah, Florida 33013-3430

Dated this __18__ day of February, 2015.

_____
Robert Sanchez, Esquire
355 W 49 Street
Miami, Florida 33012

Initials

4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                      CASE NO.:  14-29898-BKC-RAM
                                                                                        Chapter 7
**JONAS E RODRIGUEZ**
SSN: XXX-XX-7491
**SUSANA L REYES**
SSN: XXX-XX-0744

_____Debtors._____/

[PROPOSED]
**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION
FOR COMPROMISE AND SETTLEMENT REGARDING VALUATION
<u>AND REPURCHASE OF DEBTORS' NON-EXEMPT ASSETS</u>**

**THIS CAUSE** having come before the Court upon Joel L. Tabas, Trustee's Motion to Approve Stipulation for Compromise and Settlement Regarding Valuation and Repurchase of Debtors' Non-Exempt Assets (the "Motion"), and the Court, having reviewed the Motion and the Certificate of No Response, having noted that no objections were filed, finding that the settlement subject of the Motion meets the criteria set forth in *In re Justice Oaks II. Ltd.*, 898 F.2d 1544 (11th Cir. 1990) and thus, is in the best interests of this Estate, and finding that the notice of the proposed compromise and settlement is sufficient to comply with Bankruptcy Rules 9019 and 2002(a)(3), Local Rule 9013-1(D), and any other applicable notice requirement, it is

**ORDERED** as follows:

**EXHIBIT "B"**

1. The Motion is granted.

2. The compromise and settlement is approved on the terms and conditions set forth in the Motion and the Stipulation attached to the Motion, and as follows:

> The Trustee and the Debtors agree that the Settlement Amount provides for the repurchase of the Debtors' interest in the following:

| ASSET DESCRIPTION | PRORATION % | SETTLED VALUE OF ASSET |
|---|---|---|
| Cash | 0.29% | $ 17.20 |
| Bank of America account x4062 | 8.49% | $ 509.11 |
| US Century Bank account x6140 | 5.72% | $ 343.11 |
| 2010 Chevrolet Malibu | 46.74% | $ 2,804.67 |
| 2000 Ford Ranger | 24.58% | $ 1,474.56 |
| Household goods and furnishings | 10.94% | $ 656.42 |
| Wearing apparel | 1.15% | $ 68.80 |
| Jewelry | 1.62% | $ 97.46 |
| 9mm pistol | 0.48% | $ 28.66 |

> The Trustee and the Debtors agree that the Estate will be paid a lump sum of $6,000.00 on or before March 15, 2015.

3. The Court incorporates the terms of the Stipulation into this Order and retains jurisdiction to enforce the terms thereof.

# # #

Submitted by:

Joel L. Tabas
Tabas, Freedman & Soloff, P.A.
Attorneys for the Chapter 7 Trustee
One Flagler Building
14 N.E. First Avenue, Penthouse
Miami, Florida  33132
Telephone: (305) 375-8171
Facsimile: (305) 381-7708
joel@tabasfreedman.com

Copy furnished to:

Joel L. Tabas
Joel L. Tabas, Esq. shall serve copies of this Order on all interested parties and file a certificate of service.